UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TIFFANY A. TUEFFEL,<br><br>Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | 4:24-CV-04033-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING THE AGENCY'S DENIAL OF DISABILITY BENEFITS |

Plaintiff, Tiffany Tueffel, seeks review of the Social Security Administration (SSA) Commissioner's decision denying her application for social security disability benefits under Title II and Title XVI of the Social Security Act. Docket 1. The SSA argues the Commissioner's decision should be affirmed. Docket 15. This matter was referred to Magistrate Judge Veronica Duffy pursuant to 28 U.S.C. § 636(b)(1) and D.S.D. L.R. 83.9. *See Mathews v. Weber*, 423 U.S. 261, 266-72 (1976). Magistrate Judge Duffy issued a report recommending that the court affirm the agency's denial of disability benefits. Docket 20 at 41. Tueffel timely filed objections to the report pursuant to 28 U.S.C. § 636(b)(1). *See* Docket 21; *see also* Docket 24 (a supplement filed by Tueffel). For the reasons stated below, the court overrules Tueffel's objections, adopts the Report and Recommendation, and affirms the SSA's denial of disability benefits.

**LEGAL STANDARD**

This court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b). Upon timely objection, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Hosna v. Groose,* 80 F.3d 298, 306 (8th Cir. 1996). In doing so, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Judicial review of the Commissioner's decision to deny social security benefits is constrained to a determination of whether the decision is supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Buckner v. Apfel*, 213 F.3d 1006, 1012 (8th Cir. 2000) ("We may reverse and remand findings of the Commissioner only when such findings are not supported by substantial evidence on the record as a whole."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the . . . decision." *Vance v. Berryhill*, 860 F.3d 1114, 1117 (8th Cir. 2017) (citation omitted).

**DISCUSSION**

Tueffel makes a number of objections to the Report and Recommendation. Docket 21. The government responds to the objections wholistically, arguing that Tueffel does not assert that Magistrate Judge Duffy

2

erred in reviewing the decision denying Tueffel benefits, and instead attempts to re-argue her case. Docket 22. To the extent that Tueffel does raise objections, the court addresses each one in turn.

## I.    Tueffel's access to her file and ability to obtain an attorney

First, Tueffel states that she was not able to obtain her case file until 30 days before the Administrative Law Judge (ALJ) hearing. *See* Docket 21 at 2. This is the same argument that Tueffel made in her initial brief. *See* Docket 1 at 3; Docket 11-1 at 2 (stating she was not able to view her files until September of 2022). Magistrate Judge Duffy addressed this issue in the Report and Recommendation. Docket 20 at 33. There, the magistrate judge dismissed Tueffel's argument, stating that Tueffel had ample time to review the records before the hearing and the ALJ also allowed Tueffel an additional three weeks to supplement the record with any additional documents Tueffel believed should be considered by the ALJ in making a decision. *Id.*; *see also* AR31.[1] The magistrate judge explained that because Tueffel failed to explain how she was prejudiced by the delay in receiving the files or how the delay affected the outcome of her case, Tueffel's argument was unavailing. Docket 20 at 33. For the same reasons, the court overrules Tueffel's objection. Although Tueffel again argues that she was not afforded ample time to review her files, Tueffel still fails to explain why she needed additional time or how the outcome of her case may have changed.

---

[1] The court will cite to documents in the administrative record as "AR" and the page number.

3

Similarly, the court dismisses Tueffel's objection regarding her ability to find an attorney to help with her proceedings before the ALJ. *See* Docket 21 at 2. In her initial briefing before this court, Tueffel made similar arguments—stating that she was unable to find an attorney in her area. Docket 1 at 3. Again, Magistrate Judge Duffy considered this issue in her Report and Recommendation. Docket 20 at 38. The record clearly states that Tueffel was informed of her right to legal services and waived her rights before the ALJ. AR28-29 (explaining that Tueffel's options for legal representation are not geographically limited to her place of residence and Tueffel responding that she wanted to proceed forward with the hearing on her own). As Magistrate Judge Duffy found, "[t]o the extent [Tueffel] regrets her waiver, it does not support remand." Docket 20 at 38. Because Tueffel offers no new argument here, the court overrules her objection.

## II. Tueffel's general objections to the facts provided by Magistrate Judge Duffy

Tueffel's objections point out a myriad of perceived issues with the factual recitation in the Report and Recommendation. Docket 21 at 3-5.[2] The court will briefly address each of Tueffel's complaints.

Tueffel states that, despite the Report's statement otherwise, she was not self-referred to the Dakota Counseling Institute. *See* Docket 21 at 3, 9; Docket

---

[2] The court notes that it does its best to decipher Tueffel's arguments. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (stating that pro se filings are to be liberally construed by the court). But Tueffel has not provided any citations to the record to support her objections.

20 at 2. The record, however, clearly states that she did self-refer. AR702 (stating Tueffel "was self-referred for individual therapy"). Tueffel also takes issue with Magistrate Judge Duffy's statement that Tueffel stopped taking her medications "cold turkey" in September of 2019. Docket 21 at 5; *see also* Docket 20 at 7. But the record clearly states that during a tele-med appointment on May 11, 2020, Tueffel reported going off her meds "cold turkey" during that period. AR705.

     Tueffel also explained several of the facts provided by Magistrate Judge Duffy. Docket 21 at 3. For instance, Magistrate Judge Duffy stated that Tueffel reported she left her jobs and was not interested in pleasurable activities, she was told her weight may play a role in her symptoms, and she experienced blackouts. Docket 20 at 2-3. Tueffel's objections further explain that she had good reason for leaving her jobs,[3] she merely filled out a bubble indicating that she had no interest in pleasurable activities, her conditions made it difficult to lose weight, and she experienced blackouts for as long as she could remember. Docket 21 at 2-3, 9. Tueffel also asserts that Magistrate Judge Duffy "skipped" over events in detailing Tueffel's medical history. *Id.* at 4-5 (Tueffel asserting the facts did not include reference to her visits with Dr. Mumm, her prescription from Dr. Kippis, or additional diagnoses from Dr. Christopherson); *see also id.* at 9 (Tueffel stating that the magistrate judge has "cut[] up" her

---

[3] Tueffel's objections recite a detailed series of events that gave rise to her decision to leave her jobs (as reported in August of 2017) and traumatic experiences that led to her mental and physical diagnoses. Docket 21 at 9-18.

statement of the facts and left out information); *id.* at 20 (Tueffel arguing that the magistrate judge "mash[ed]" different facts and events together).

While Tueffel may feel that additional facts and explanations are helpful, it is simply not feasible for the court to include every single fact in its factual recitation. The magistrate judge, relying on Tueffel's briefing and the over 700-page administrative record, provided a detailed timeline of Tueffel's appointments and medical history, focusing on the most relevant events. In reviewing the record and Tueffel's objections, the court finds that Magistrate Judge Duffy's discussion of the facts, though it may not include every single fact from the record, adequately and accurately describes the factual underpinnings of this matter. Thus, for the reasons above and because Tueffel has not explained why the additional facts or explanations are relevant, the court overrules her objection.

### III.    Tueffel's conditions alone do not constitute a disability

Tueffel again appears to argue that her medical conditions and diagnoses alone are enough for the court to find a disability. *See* Docket 21 at 19; Docket 22 at 3; Docket 24 at 5-7. The magistrate judge, like the ALJ, found that Tueffel's conditions do not constitute a disability. Docket 20 at 39-41; AR16-19.

Some impairments alone are sufficient to entitle a claimant to social security benefits. *See McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011). Such impairments are listed in 20 CFR Part 404, Subpart P, Appendix 1 ("Appendix 1"). "If the claimant's impairment meets or equals one of the listed

6

impairments, [s]he is entitled to benefits." *McCoy*, 648 F.3d at 611; *Wheeler v. Berryhill*, 2017 WL 4271428, at *3 (D.S.D. Sept. 26, 2017). "[A] claimant carries the burden of establishing that h[er] condition meets or equals all specified medical criteria" in Appendix 1. *McCoy*, 648 F.3d at 611. Merely being diagnosed with a condition named in Appendix 1 is not enough without also meeting the listed criteria. *Id.* at 612.

Tueffel does not argue (nor did she argue in her initial briefing) that her conditions or a combination of her conditions meets or is equivalent to an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 ("Appendix 1"). *See* Docket 21 at 19; Docket 22 at 3; Docket 24 at 5-7; *see also* 20 CFR §§ 404.1520(d), 404.1525, and 404.1526. While the ALJ recognized that Tueffel has a number of severe impairments, including "fibromyalgia; obesity; post-traumatic stress disorder (PTSD); borderline personality disorder; attention deficit/hyperactivity disorder (ADHD); and bipolar disorder," the ALJ found that none of the impairments equated to one of those listed in Appendix 1. AR16-19.

Thus, the ALJ considered whether Tueffel was disabled by virtue of being unable to perform work. AR63, 67-75. The ALJ discussed Tueffel's diagnoses, alleged symptoms, and the reliability of Tueffel's assertions. *Id.* at 67-75. Ultimately, the ALJ found Tueffel was not disabled because she had the residual functional capacity to perform work. AR19. Tueffel offers no argument beyond restating her past experiences as to why the ALJ's finding was incorrect.

And even if Tueffel's supplemental explanations as to how her conditions have affected her work and personal life did provide substantial evidence that she is disabled, that does not change the fact that substantial evidence in the record (as discussed by both the magistrate judge and the ALJ) supports the finding that Tueffel is competent to handle employment. *Buckner* 213 F.3d at 1012 ("[The court] may reverse and remand findings of the Commissioner only when such findings are not supported by substantial evidence on the record as a whole."). "Reversal is not warranted . . . merely because substantial evidence would have supported an opposite decision." *Grindley v. Kijakazi*, 9 F.4th 622, 627 (8th Cir. 2021) (internal quotation marks and citation omitted). "If . . . it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Id.* (cleaned up and citation omitted). Thus, the court overrules Tueffel's objection.

## IV. Timing to make objections

Tueffel also complains that she was not afforded sufficient time to make her objections to the magistrate judge's Report and Recommendation. Docket 21 at 7-8. But Tueffel did not move for an extension of time to file such objections, nor did she explain why 14 days was not sufficient time to file her objections. *See id.* Thus, the court overrules her objection to the 14-day time limit.

## CONCLUSION

Based on the foregoing, Tueffel's objections are overruled. Thus, it is

8

ORDERED the Report and Recommendation (Docket 20) is adopted in full. It is

FURTHER ORDERED that the decision of the Commissioner is AFFIRMED.

DATED May 7, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE